

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLUTOKUNBO EFUNNUGA | : | |
|    A.K.A | : | CIVIL ACTION No. **18    0924** |
| SHAWN MOBLEY | : | |
|    vs. | : | COMPLAINT FOR |
| | : | DAMAGES ( 42 U.S.C. § 1983 ) |
| STEVEN FARLEY | : | |
| ERIC LEE | : | |
| JEFFREY GILSON | : | |
| STEVEN BLACKWELL | : | |
| RICHARD ROSS | : | |
| CITY OF PHILADELPHIA | : | |

PLAINTIFF ALLEGES:

### INTRODUCTION STATEMENT

1. This is an action for damages sustained by a citizen of the United States against police officers of the City of Philadelphia Police Department, who unlawfully arrested, assaulted, prosecuted, and harassed the plaintiff.

2. The action is against the Police Commissioner as the supervisory officer responsible for the conduct of the defendants and for the Commissioner's failure to take corrective action with

-1-

respect to the police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct. And against the City of Philadelphia as the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983.

## JURISDICTION

3. This action is brought pursuant to U.S.C. §§ 1983, 1988, First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

4. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1343 (a)(3), (4).

5. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. §§ 1367.

## PARTIES

6. Plaintiff is a resident of Yeadon, Pennsylvania and at all times relevant to the allegations of this complaint was a citizen of United States, and resident of Delaware County.

7. At all times relevant to this action, defendant Steven Farley was a police officer employed by the Philadelphia Police Department and issued badge No.4716, to perform duties in the City of Philadelphia and was assigned to the 19th district.

a. At all relevant times, this defendant was acting as the agent, servant, and employee of defendant City of Philadelphia.

b. This defendant is sued individually and in his official capacity.

8. At all times relevant to this action, defendant Eric Lee was a police officer employed by the Philadelphia Police Department and issued badge No.3351, to perform duties in the City of Philadelphia and was assigned to the 16th district.

a. At all relevant times, this defendant was acting as the agent, servant, and employee of defendant City of Philadelphia.

b. This defendant is sued individually and in his official capacity.

9. At all times relevant to this action, defendant Jeffrey Gibson was a Detective employed by the Philadelphia Police Department, and issued badge No.7609, to perform duties in the City of Philadelphia and was assigned to the SouthWest Detectives Division.

a. At all relevant times, this defendant was acting as the agent, servant, and employee of defendant City of Philadelphia.

b. This defendant is sued individually and in his official capacity.

10. At all times relevant to this action, defendant Steven Blackwell was Detective employed by the Philadelphia police Department, and issued badge No.9045, to perform duties in the City of Philadelphia and was assigned to the Southwest Detectives Division.

a. At all relevant times, this defendant was acting as the agent, servant, and employee of defendant city of Philadelphia.

b. This defendant is sued individually and in his official capacity.

11. At all times relevant to this action, defendant Richard Ross was the duly appointed Commissioner of the Philadelphia Police Department. In this capacity, the Commissioner was:

a. the commanding officer of the defendants Steven Farley, Eric Lee, Jeffrey Gilson, and Steven Blackwell and was responsible for their training, supervision and conduct.

b. Responsible by law for the enforcing of regulations of the Philadelphia Police Department and ensuring that Philadelphia police personnel obey the laws of the State of Pennsylvania and of the United States.

c. Acting as the agent, servant and employee of the defendant City of Philadelphia. This defendant is sued individually and in his official capacity.

12. The defendant City of Philadelphia is a municipal corporation within the state of Pennsylvania and at all relevant times, it employed the other defendants in this action.

13. At all relevant times and in all their actions, the defendants were acting under color of state law pursuant to their authority as police personnel.

## FACTUAL ALLEGATIONS

14. On 3/1/2016, at or about 10:30 pm, the plaintiff was on the premises of 728 North 63rd St., Philadelphia Pa., in his

professional capacity as a property manager, lawfully addressing an electrical issue at the building. In doing so a disagreement between himself and a tenant erupted into a physical altercation which began in the basement and spilled outside into an adjacent alleyway.(see ex#8)

15. The plaintiff contacted the police to report the assault.

16. When defendants, police officer Steven Farley and Eric Lee arrived, the plaintiff was positively identified and interrogated on the matter, of which the plaintiff stated, " I am property manager, dispatched from my office to address an issue with the electricity in the basement".

17. The situation was quickly resolved and the plaintiff was instructed to retrieve his belongings and to leave the premises.

18. Defendant Farley escorted the Plaintiff to the basement of the property, following closely behind him.

19. The plaintiff quickly retrieved his keys and tools, exited the basement and proceeded to take those items to his vehicle.

20. At that time, officer Farley re-entered the property through the basement to conduct a search without probable cause, exigent circumstances or a search warrant.

21. The items allegedly discovered in that unlawful search became the basis of the criminal complaint which gave rise to this civil action.

22. Upon his return to the property from his vehicle, the

plaintiff was violently seized and placed under arrest by defendant Farley and Lee.

23. In the process of the arrest, the plaintiff was pushed up against a concrete wall, held at gun-point and prodded with a gun in the hand of defendant Farley.

24. At the same time the plaintiff was falsely, publicly, and maliciously accused of violating state narcotics laws.

25. Plaintiff had in no way claimed to be the landlord, referred to the basement as his office, nor violate state narcotics laws. (see ex#6)

26. Although the plaintiff professed his innocence, he was handcuffed, behind his back, and walked across the premises of the property and public streets, while handcuffed, into a squad car belonging to the defendants.

27. The defendants took the plaintiff's wallet from his pocket, which contained a Pennsylvania state drivers license, Delaware state I.D., and a social security card, all identifying him, as well as $301.00 USD. (see ex#4,7)

28. At no time did the defendants have any reasonable or proper cause to:
a. violently seize and arrest the  plaintiff against his will; or
b. unlawfully seize $301.00 USD from plaintiff;
c. falsely, maliciously, assault, detain and imprison him.

29. The arrest was not justified by probable cause or other legal privilege nor was the money seized, proceeds from any illegal activity.

30. The Plaintiff was then removed to be further processed at the 18th district precinct to be detained pending issuance of a search warrant.

31. Defendant Steven Blackwell, (the affiant), identified the plaintiff as the owner of the property,in his application for warrant, contradicting supporting documentation, (see ex#1) attachments), and materially affecting the finding of probable cause; knowingly, intentionally, and with reckless disregard for the truth.

32. According to the Affidavit of Probable cause. Defendant Jeffrey Gilson conducted a records check on property ownership and it revealed that the plaintiff was not the owner. Supporting documents state that Olukorede Efunnuga, (plaintiff's sibling), was the recorded owner. (see ex#6,2,3 attachment)

33. Defendant Steven Blackwell fabricated this allegation for the purpose of misleading the issuing authority into granted a search warrant.(see attachment)(ex #6)

34. Plaintiff remained in the lockup unit at the 18th district precinct until he appeared before a bail commissioner,( via video conference), in the early mourning hours of 3/3/2016, on felony charges of:

    35 § 780-113 MANUFACTURE, DELIVERY, OR POSSESSION WITH
        INTENT TO MANUFACTURE OR DELIVER MARIJUANA,
        35 § 780-113 USE/POSSESSION OF DRUG PARA.

35. At the same time bail was set at $10,000.

36. On the evening of 3/3/2016, the plaintiff was

transported from lockup to the Curran-Fromhold Correctional
facility until bond was posted on 3/4/2016, and the plaintiff
was released pending trial.

37. As a direct and proximate result of the criminal and
civil actions initiated by defendants; a violation of federal
supervised release was initiated by Probation Officer Tamika
Baxley.

38. On 3/14/2016, a request for revocation of supervised
release was filed by the United States Probation Office; based
entirely on the unlawful arrest, malicious prosecution, and
false imprisonment of the plaintiff.

39. The legal filing stated that the supervising officer
had reason to believe that terms and conditions of supervised
release were violated under such circumstances as may warrant
revocation.

40. The term allegedly violated was: plaintiff shall not
commit another federal, state or local crime.

41. On 3/16/2016, a summons to appear in federal court
was issued based on the unfounded allegations and claims of
the arrest report.

42. Formal arraignment was held on 4/28/2016 for the
charges stated above, in Philadelphia Court of Common Pleas.

43. During the course of judicial proceedings, the
plaintiff was caused emotional distress and mental anguish to
a degree that he no longer wanted to live and he attempted
suicide on 10/7/2016.

44. The plaintiff was transported and admitted into

Fitzgerald Mercy Hospital emergency room,then intensive care unit, where he remained in a coma until 10/25/2016.

45. A bench warrant and an Order Granting Motion to Revoke/Release and Forfeit bail, issued for the plaintiff on 10/7/2016.

46. On 11/1/2016 he was taken into custody of the Delaware County authorities and detained at George W. Hill Prison medical unit awaiting extradition to Philadelphia.

47. The plaintiff was taken into custody of the City of Philadelphia on 11/8/2016, and detained at C.F.C.F.,where he remained pending extradition to Federal jurisdiction.

48. On 5/23/2017, the plaintiff was transported to F.D.C Philadelphia where he is currently detained in custody of the Bureau of Prisons pending outcome of the criminal action herein.

49. On 12/01/2018, the Commonwealth's civil forfeiture action relating to Property Reciept# 3242363 was Withdrawn/Dismissed and the property, ($301.00), was returned in favor of plaintiff. (see exhibit 5,7).

50. On 1/25/2018, plaintiff appeared before the Honorable Paul S. Diamond for a hearing on revocation. At that time a determination was made that revocation was proper and the plaintiff was sentenced to 13 months imprisonment with termination of his supervised release.

51. The defendant's unconstitutional acts have caused the plaintiff to suffer loss of income, have incurred medical expenses, and have suffered, and continues to suffer severe

emotional distress and irreparable damage to his reputation.

52. In addition, the plaintiff was denied fundamental rights, was deprived of liberty, was forced to expend large sums of money for his legal defense and will bare lasting and permanent mental and physical scars of the ordeal.

53. The acts and omissions described above, engaged in, under the color of state authority by the defendants, (including defendant City of Philadelphia, sued as a person and responsible because of it's authorization, condonation, and ratification of the acts of it's agents), deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

a. First Amendment right to Freedom of expression;

b. Fourth Amendment right to be free from Unlawful seizure of his Person and Property;

c. Fifth and Fourteenth Amendment rights to Due Process of Law, including the right to be Free from Unjustified and Excessive Force utilized by the police; and

d. Eighth Amendment right to be free from Cruel and Unusual Punishment.

## SUPPLEMENTAL STATE CLAIM

Pursuant to 28 U.S.C. § 1367, " in any civil action of which the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part

of the same case or controversy under Article III of the
United States Constitution."

54. The acts and conduct alleged in paragraph 13-53
constitute torts under the laws of the state of Pennsylvania,
including the torts of:

a. Assault and Battery,

b. False arrest and Imprisonment,

c. Malicious Prosecution,

d. Abuse of Process,

e. Negligence, and

f. Gross Negligence.

55. All of the defendants are liable to the plaintiff
under Pennsylvania State law for false arrest and imprisonment
and illegal search and seizure.

56. At all relevant times, the defendants Steven Farley,
Eric Lee, Jeffrey Gilson, Steven Blackwell, and Richard Ross
were acting within the scope of their duties as employees of
the Philadelphia Police Department to perform duties for the
City of Philadelphia.

57. The Defendant City of Philadelphia is liable in
respondeat Superior for the negligence of the above-mentioned
defendants for damages described.

## JURY DEMAND

58. Plaintiff demands trial by Jury.

-11-

**PRAYER**

Plaintiff Seeks:

A. Declaratory judgement that the acts of the City of Philadelphia, the Philadelphia Police Department, and their agents and employees, violated the Plaintiff's due process;

B. An award of compensatory damages to the plaintiff in an amount to be determined by the trier of facts as sufficient to compensate the plaintiff for the injuries descibed in this complaint;

C. An award of punitive damages to plaintiff in an amount to be determined by the trier of facts as sufficient to punish each defendant against whom there damages are awarded and sufficient to deter similar conduct in the future by these defendants;

D. An award of reasonable costs and expenses to plaintiff in this action, including attorney's fees pursuant to 42 U.S.C. § 1988; and

E. An award to plaintiff of all other relief that is just and proper.

DATE: 2/23/18

RESPECTFULLY SUBMITTED,

PLAINTIFF.



### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLUTOKUNBO EFUNNUGA | : | |
| A.K.A | : | CIVIL ACTION No. **1 8    0 9 2 4** |
| SHAWN MOBLEY | : | |
| vs. | : | |
| STEVEN FARLEY | : | COMPLAINT FOR DAMAGES |
| ERIC LEE | : | ( 42 U.S.C. § 1983 ) |
| STEVEN BLACKWELL | : | |
| RICHARD ROSS | : | |
| CITY OF PHILADELPHIA | | |
| JEFFREY GILSON | : | |

### VERIFICATION

    I AM Olutokunbo Efunnuga, plaintiff in the above-captioned matter.

    I declare under penalty of perjury that all of the statements made in the foregoing civil action and petition are true to the best of my knowledge as provided for in 28 U.S.C. § 1746 for unsworn verifications.

DATE: 2/14/18

OLUTOKUNBO EFUNNUGA

:28:56 Wednesday, March 02, 2016

```
                        ,RO65VPR                    PAGE 2 OF 5
ACCT      LOCATION          STCD  NUM SUF UNIT  EXT   ZIP    CARRIER
344194900 728 N 63RD ST     89070 00728   0000000 00 191513803
OWNER ONE- EFUNNUGA OLUKOREDE      OWNER TWO

C/O NAME/ADDRESS

                                        C/O ZIP

CENSUS TRK/B-BLK IMPROVMNT CODE
   0101605     N50   S/D CONV APT 3 STY MASON
IMPV OVFLO LOT-20' X 120'        BEGN PNT 280' N MEDIA
FRONT          DEPTH            TOTAL AREA    SHAPE
      20.00        120.00          2400.00      E
FOLLOW UP CODE-
MV DT      MKT VAL   SALES PRICE  SALES TYPE   TITLE DATE   RECORDING DATE
    CERT     210200        0                              22409
 113 WORK            87000      J        122302        -EXEMPT-
         ASSESSMENT     TAX     TAX   EX     EX       CODE/ DATE
         TOTAL         LAND    IMPV  LAND   IMPV
    CERT     210200   13486   196714    0        0

DATE OF LAST ASMT- 113  NOTICE SENT DATE-      UNFIN COD-    DT/LT/FM- 060707
NEXT PAGE = PF4 , PREVIOUS PAGE = PF3 , BROWSE SCREEN = PF1  EXIT = ALT/CLEAR
```



EXHIBIT #2

**FILED**
26 FEB 2016 02:41 pm
Civil Administration
C. FORTE

FIRST HERITAGE FINANCIAL, LLC           : COURT OF COMMON PLEAS
      PLAINTIFF           : PHILADELPHIA COUNTY
    ,           :
     VS.           :
               :
OLUKOREDE EFUNNUGA           : NO: 151002369
    DEFENDANT           :
               :



OFFICE OF JUDICIAL
RECORDS

## ORDER GRANTING MOTION FOR SPECIAL SERVICE

AND NOW, this 29th day of _February_ , 2016, upon consideration of Plaintiff's

Motion for Special Service and any response thereto (if any), it is hereby:

ORDERED and DECREED that Plaintiff may obtain service on Olukorede Efunnuga by

mailing a true and correct copy of the Complaint in Mortgage Foreclosure and all subsequent

notices, including but not limited to notice of sheriff's sale, by certified mail, no signature

required, and regular, first class mail at the last known address, 140 South Lynn Boulevard,

Upper Darby, PA 19082 and by posting the premises of 728 North 63rd Street, Philadelphia, PA

19151.

**RECEIVED**
MAR 0 1 2016
OFFICE OF JUDICIAL
RECORDS

BY THE COURT:

_____
                    J.

First Heritage Financia-ORDER

15100236900010

Case ID: 151002369
Control No.: 16023784

### EXHIBIT #3

### RE: OLUTOKUNBO EFUNNUGA

was conducted with Mrs. Mobley-Bradham. She and Oluwaseugn Efunnuga, the defendant's father, met in the United States and were married in 1975. They moved to Nigeria, where the defendant was born. Because she is a United States citizen, the defendant is a United States citizen, and does not have dual citizenship. She left Mr. Efunnuga due to his polygamist beliefs, and left Nigeria without Mr. Efunnuga's knowledge. She moved back into her parents home in Yeadon, Pennsylvania, where she currently resides today. She raised the children on her own. She remarried Ellis Bradham in 2001, who works as a social worker for DPW. Mrs. Mobley stated that the defendant is smart, but lazy, and he needs to get himself motivated and make the right decisions.

68.    The defendant's sister, Olukayode Efunnuga (age 36), resides in Manhattan, New York; she is single and she has worked as a private child psychologist for seven years. The defendant's paternal half-sister, Oludayo Efunnuga (age 34), resides in west Philadelphia with her husband and one child. She is working as a social worker at the Consortium, located in Philadelphia. The defendant's brother, Olukorede Efunnuga (age 32), resides in Philadelphia with his wife and child. He works as a mechanical engineer at Sunoco, and he also owns some multi-unit properties in which he rents out the apartments. The defendant resided into one of his brother's properties and maintained the property for his brother. The defendant's sister, Olukayode Efunnuga (age 36), resides in Manhattan, New York, is single and she works as a private child pyschologist. The defendant's paternal half-sister, Oludayo Efunnuga (age 34), resides in west Philadelphia with her husband and child. She works as a social worker for a mental health program. The defendant's sister, Oluwatosin Efunnuga (age 29), resides in west Philadelphia, is single and she works as a registered nurse at Children's Hospital of Philadelphia. The defendant's sister, Oluseye Efunnuga (age 28), resides in Queens, New York, is single and works as a banker on Wall Street. The defendant's sister, Oluseun Efunnuga (age 22), resides with their mother in Yeadon, Pennsylvania, with her child. She works as a social worker for a mental health program. The defendant reported having a good relationship with each of his siblings.

69.    The defendant stated that he has never been married, nor has he fathered any children.

70.    According to the Pennsylvania Department of Transportation, Bureau of Driver Licensing, the defendant does not have a Pennsylvania driver's license.

71.    On July 23, 2009, a home assessment was conducted at 728 N. 63rd Street, located in Yeadon, Pennsylvania. The defendant's mother, sister and niece currently reside in this twin home. The first floor of the home consists of a living room, dining room and kitchen. The second floor consists of three bedrooms and a bathroom. The third floor/attic consists of one bedroom. The basement is finished with a half bathroom and laundry facilities. The house is well maintained and fully furnished.

#### Physical Condition

72.    The defendant stands five feet, ten inches tall and weighs approximately 200 pounds. He has

exhibit #4







5   V-14462

Comp RTU

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**TRIAL DIVISION, CRIMINAL SECTION**

COMMONWEALTH OF PENNSYLVANIA      CP-51-MD 5866·2016

PR 3242363

     v.      :

         :

$ 301.00
Ex Rel Olutokunbo Efunnuga     **COMPLETE CLOSEOUT**

## ORDER

AND NOW, this 1 day of December , 2017, it is hereby ORDERED

AND DECREED that the Commonwealth's petition for forfeiture of the above-captioned

property, listed on Property Receipt No. 3242363 , is WITHDRAWN. Property

listed above shall be returned to the owner, listed above.

**RETURNED TO OWNER**

BY THE COURT:

Brandeis- Roman

R.T.O.

Voucher - # 14462
Amount - $ 301.00
Balance - $ 0.00
(Del) I.D. - # 1758671 - Power of Attn.
App. ____ . # 044 1/24/18

EXHIBIT 5

| REPORT TYPE ☒ CONTINUATION (51) | YEAR 16 | DISTRICT / UNIT 19 | DC NUMBER 6580 | REPORT DATE | Page 1 of 1 |
|---|---|---|---|---|---|
| COMPLAINANT ROCSHEEN WILLIAMS | | | CLASSIFICATION NARCOTICS | | CODE 1812 |
| INVESTIGATOR BLACKWELL | | | BADGE NUMBER 9045 | PAYROLL NUMBER | |

*CONTINUATION of AFFIDAVIT of PROBABLE CAUSE*
*SEARCH & SEIZURE WARRANT #194571*
*SWDD #2349*

On 3/14/16 at 10:30 PM 19th district officers responded to a radio call for Person Screaming at 728 N. 63rd Street. Upon arrival officers were met by the complainant. The complainant stated that her landlord the offender (Olutokubo Effunuga 36 y/o b/m DOB 3/6/79) was in the basement attempting to shut the electricity off in her building. The offender stated to police that he had been in the basement which he referred to as his office. The offender then stated to the officers that he was leaving the location and he needed to retrieve his keys from the basement. P/O Farley #4761 then escorted the offender to the basement so that he could get his keys. As P/O Farley attempted to enter the basement he observed that the basement door had been locked with a chain and padlock. A tenant of the apartment building Ibriahim Howard stated to P/O Farley he has placed the lock on the door because it was unsecured. Mr. Howard then unlocked the basement. When P/O Farley entered the basement he immediately smelled the odor of burnt marijuana. P/O Farley stated the offender seemed nervous then grabbed a set of keys that were on a bookshelf and told the officers he would be outside. Mr. Howard then gave the P/O Farley a copy of the key to give to the offender. P/O Farley went outside the property and noticed the offender had left the location taking the lock and chain that was used to secure the basement door. P/O Farley went back into the location to try and find a way to secure the basement. As P/O Farley checked the basement he began to smell the strong odor of what he describes as "un-burnt Marijuana". P/O Farley then observed a large quantity of new baggies consistent with the packaging of narcotics and a digital scale on top of a desk. P/O Farley also observed a plastic bag that contained a green weed and seed substance in plain view. The officer also observed a plastic bin that contained additional packaging material. At this point P/O Farley exited the location and informed his partner P/O Lee #3351 what he observed. P/O Farley stated as he was doing this the offender approached them on foot still carrying the lock and chain he had taken from the location.

Detective Gilson #7609 conducted a records check on the property and it revealed that the offender is the owner of the property.

**Your affiant request a search warrant is granted to enter the basement of the property located at 728 N. 63rd Street to recover the illegal narcotics, packaging material as well as any firearms that may be used to protect the narcotics trade.**

| | | |
|---|---|---|
| SIGNATURE OF AFFIANT | BADGE # | DISTRICT/UNIT |
| Sworn to (or affirmed) and subscribed before me this day of _____ 2016 | | |

(SEAL) SIGNATURE OF ISSUING AUTHORITY

EXHIBIT 6

V-14462 Comp RTO

**PROPERTY RECEIPT**

NO **3242363**

| PROPERTY RECEIPT | | |
|---|---|---|
| ☐ LOST AND FOUND | | |
| ☐ FOR INVESTIGATION | | |
| ☐ PERSONAL PROPERTY FOR SAFEKEEPING | | |
| ☑ EVIDENCE | | |

FROM WHOM TAKEN: Olutokunbo Effunuga
DATE TAKEN: 3-6-79   SEX: M   AGE: 36

ADDRESS: 537 Orchard Ave Yeadon, PA 19050
DATE: 3-1-16   TIME: 10:45   DISTRICT: 19   UNIT: 1c/18

OWNER (If Known):
LAB USER FEE REQUESTED: ☐ YES ☐ NO
DC NO. 16-19-018046

ADDRESS:
SEIZURE NO.

DEFENDANT'S NAME: Olutokunbo Effunuga
BULK OF PROPERTY STORED AT

ITEMS OF PROPERTY AND CIRCUMSTANCES UNDER WHICH IT WAS RECEIVED INCLUDING THE EXACT LOCATION TAKEN FROM

1. Description of Evidence: USC $301 (8)20's, (12) 10's, (1)5's, (16)1's

2. Circumstances of Recovery: On 3-1-2016 at 728 N 63rd St.

**COMPLETE CLOSEOUT**

3. Charges and UCR: 1812

4. Control Number: 2349

5. Assigned Investigator: Det. Blackwell #9045

**RETURNED TO OWNER**

6. Above male arrested for PWID-Crack/Cocaine

$301 ~ NARC

R.T.O.
VOUCHER - #14462
AMOUNT - #301.00
BALANCE - #0.00
JUDGE - Roman

(DEL) # I.D. #1758671 = Power of Attn.
App. St. #8744  1/24/18

**EVIDENCE**

If the person from whom the above amount of money and/or property was taken does not sign below, state reason why:

RECEIVED BY POLICE DEPARTMENT

Arresting or Receiving Officer: (If personal property for safekeeping, DeskSupervisor is the Receiving Officer)

PERSON FROM WHOM TAKEN (Signature)

WITNESS (Signature) p/o
BADGE NO. (Type) 3351

SIGNATURE p/o Farley
BADGE NO. (Type) 4716

**RECEIVED** ...RED TO EVIDENCE CUSTODIAN/COLLECTOR
hereby ...RECEIVED... of the above listed items.

M R 0 2 2016
SOUTHWEST POLICE...
...DIVISION...
(Date)       (Time)

3-2-16

(Evidence Custodian/Collection)

**3242363 #**
DC# 16-19-018004 Item #1
N/A        Money

OF POLICE DEPARTMENT
e City of Philadelphia of the amount of money and/or property listed
d its agencies from any and all future responsibility therefor.

This wi ...
above,

RECEIVED BY (Owner or Agent)

OWNER OR AGENT (Signature)

WITNESS (Signature)
BADGE NO.   DATE 1-24-18

| | |
|---|---|
| ☐ Returned to Owner or Agent | |
| ☐ Confiscated by Court | **DEPOSIT** |
| ☐ Destroyed by Order of Court | |
| Petition No. MAR 0 8 2016 | |
| ☐ Escheat to State | |
| Escheat List No. **POLICE EVIDENCE ESCROW FUND** | |
| ☐ To Department of Collections | |
| ☐ Other Disposition (Explain): | |

RECEIVED BY (Other than Owner of Agent)
SIGNATURE AND TITLE

WITNESS        DATE

75-3 (Rev. 8/15)        POLICE DEPARTMENT

EXHIBIT 7        AGENCY

exhibit #8

To Landlord Olukorede Efunnuga          February 8, 2016

I Rocsheen Williams  have not paid the full $450 rent  for months
December 2015 &  January 2016. While living in the apt i edure
little problems during winter with the heating and water. Heating
was cutting off and on,  hot water was not running properly. We
agreed that i would paid partial rent due to me having to buy
heating to warm my home.


During my viewing of the apt 728 N. 63rd street 3rd floor, you
Olukorede Efunnuga my landlord explain to me everything was ok
with the eletric, gas, water and plumming  system.You indicated
things ran smoothly & will continue. You did explain that there was
minor repairments from previous tenants that you would get done
before i move in. You did not state there would be in need  of
updating on any system as you stated in Notice. You was not able
to get repairment done by my move in date but agreed to still get
the repairs done during my time living in the apt. Unfortunately
you did not keep up your end on the lease.

Due to lack of repairments,  water leak in the basement & you
explaining someone coming out to inspect the property, forcing me
to move. Instead of paying Febuary rent i put my money in a
savings account after being notified of eviction.


                                          Tenant,
                                   Rocsheen Williams