IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLUTOKUNBO EFUNNUGA : | |
| A.K.A | CIVIL ACTION No. 18-924 |
| SHAWN MOBLEY | |
| Vs. : | |
| STEVEN FARLEY | SECOND AMENDED COMPLAINT |
| ERIC LEE | (42 U.S.C. § 1983) |
| JEFFREY GILSON | |
| STEVEN BLACKWELL | |
| RICHARD ROSS | DEC 10 2018 |
| CITY OF PHILADELPHIA | |

61. THE ACTS AND CONDUCT ALLEGED IN THIS AMENDED COMPLAINT CONSTITUTE TORTS UNDER THE LAWS OF PENNSYLVANIA AND THE UNITED STATES INCLUDING THE TORT OF:

L. ILLEGAL SEARCH AND SEIZURE

**MEMORANDUM OF LAW**

**FALSE ARREST AND IMPRISONMENT**

<u>COUNT 1</u>

F) Plaintiff was the original complainant in the matter, (who called the Police for assistance while being assaulted).

1

G) At no time did Plaintiff physically or constructively possess marijuana with the intent to distribute it.

H) At no time did plaintiff smell like burnt or unburnt marijuana.

I) At no time did Plaintiff refer to basement as his office, nor would any person of reason consider the basement an office after careful observation.

J) Plaintiff never claimed to be the landlord nor was he the landlord.

K) Plaintiff was not a resident of the property, nor did he claim to be.

L) At no time was Plaintiff in possession of the keys to the property, nor did he enter into any agreements with anyone to possess them.

M) The keys that Plaintiff did recover from the basement were his personal keys to his own home and vehicles.

## MALICIOUS PROSECUTION

## COUNT 2

E) The City of Philadelphia, as employer of the defendants in this matter, is responsible for the unlawful seizure of $301.00, Ex Rel Plaintiff without just cause, and the civil forfeiture proceedings that were result of said seizure.

G) The city of Philadelphia acted for a purpose lacking legal cause which resulted in legal harm to Plaintiff.

H) The legal proceedings were dismised on 12/1/17.

## COUNT 6

### MUNICIPAL LIABILITY

C) The Philadelphia Police Department's custom, practice and policy of, "Stop and Frisk", violated Plaintiff's rights to be free from unlawful searches, as the plaintiff was "Frisked" by defendant Officer Farley and Lee upon initially meeting them. Then again "Frisked" by Officer Farley ehen unlawfully apprehended.

D) The City of Philadelphia is liable as employer of Officer Lee and Farley for its condonation of the "stop and frisk" practices, as well as its failure to assure proper training to prevent the constitutional violation.

## COUNT 8

### INVASION OF PRIVACY

B) Defendant Officer Steven Farley invaded the privacy of Plaintiff's person while illegally searching and seizing him lacking just cause.

## COUNT 9

### FAILURE TO INTERVENE

3

B) Defendant Officer Lee's silence while Officer Farley illegally searched, seized and violated the privacy of plaintiff renders him equally as liable.

## COUNT 10

## ILLEGALLY SEARCH AND SEIZURE

1. To support an illegal search and seizure claim, plaintiff must show that the actions of defendant constitute a "search and seizure" under the Fourth Amendment and that the search and seizure was "unreasonable." **See Manolovich v. Park, 2010 U.S. Dist. Lexis 114738, 2010 WL 4366265, *7 (W.D Pa. 10-28-10)**. In Manolovich, the Court stated: The Court of Appeals for the third Circuit has stated the following:

> *The fundamental task of any Fourth Amendment analysis*
>
> *Is assessing the reasonableness of the government*
>
> *Search. If the search is reasonable, there is no constitutional*
>
> *Problem, for the Fourth Amendment only protects individuals*
>
> *From unreasonable searches and seizures. Determining*
>
> *Whether a search is reasonable depends on all the circumstances*
>
> *Surrounding the search or seizure and the nature of the seizure*
>
> *Itself, and involves balancing on one hand, the degree to which [the*
>
> *search] intrudes upon and individual's privacy and, on the other hand,*
>
> *the degree to which [the search] is needed for the promotion of*
>
> *legitimate governmental interests.*
>
> United States v. Sczubelek. 402 F.3d 175, 182 (3d Cir. 2005).

A) Defendant Officer Farley conducted a warrantless search of Plaintiff, and the basement unit and seized marijuana and paraphernalia.

B) The search of the property was conducted without probable cause, exigent circumstances and/or consent from anyone with the authority to do so.

C) No evidence was recovered by the Police, to causally link the plaintiff to the areas of the basement where the marijuana was found.

D) The unreasonable search and seizure of the plaintiff constitute an intrusion upon the seclusion of his person.

E) At no time did plaintiff exercise dominion, power to control or intention to control the basement and/or contents within it.

F) Plaintiff's acts of closing the door and gate to the entryway of the basement upon his and officer Farley's exit was denying public access, implied in fact, a reasonable expectation of privacy.

G) The City of Philadelphia illegally and unreasonably seized $301.00, causing malicious civil forfeiture action against property $301.00, Ex Rel Plaintiff. Legal action CP-51-MD5866-2016, upon property receipt No. 3242313, instituted without probable cause and causally linked to the injuries sustained, and deprivations of constitutionally recognized rights in this complaint, were withdrawn on Dec. 1, 2017, and returned to plaintiff.

RESPECTFULLY SUBMITTED,

*D. C.*

DATE 9/20/18

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OLUTOKUNBO EFUNNUGA                   :

    A.K.A                                       CIVIL ACTION No. 18-924

SHAWN MOBLEY

    Vs.                                         :

STEVEN FARLEY                              SECOND AMENDED COMPLAINT

ERIC LEE                                       (42 U.S.C. § 1983)

JEFFREY GILSON

STEVEN BLACKWELL                                                              DEC 1 0 2018

RICHARD ROSS

CITY OF PHILADELPHIA

## CERTIFICATE OF SERVICE

I Olutokunbo Efunnuga, Plaintiff, Pro se, declare that the facts and allegations stated in the foregoing Amended claim are true and correct to the best of my knowledge, information and belief, and subject to the penalties of perjury and those provided for in 28 U.S.C. § 1746, for unsworn falsifications.

A copy of the foregoing has been served upon the Defendant's at the Philadelphia Solicitor's Office on this 5th day of December, 2018.

RESPECTFULLY SUBMITTED,

*[signature]*

DATE 12-4-18

Olutokunbo Efunnuga
#4346723
C.C.C.F.
330 Federal St.
Camden, N.J. 08103

Clerk of Courts
United States District Court
For The Eastern District of Pennsylvania
601 Market St.
Philadelphia, PA, 19106-9865

U.S POSTAGE >> PITNEY BOWES
ZIP 08102
02 4W
0000354141DEC 07 2018
$ 001.42⁰