# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLUTOKUNBO EFUNNUGA,** : | |
| : | **CIVIL ACTION** |
| Plaintiff, : | No. 2:18-cv-0924 |
| : | |
| v. : | |
| : | |
| **STEVEN FARLEY, et al.,** : | |
| : | |
| Defendants. : | |

# ORDER

AND NOW, this _____ day of _____, 2021 upon consideration of Plaintiff Olutokunbo Efunnuga's Motion for Summary Judgment (ECF No. 82) and Defendants Steven Farley and Eric Lee's response thereto, it is **HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **OLUTOKUNBO EFUNNUGA,** : | |
| : | **CIVIL ACTION** |
| Plaintiff, : | No. 2:18-cv-0924 |
| : | |
| v. : | |
| : | |
| **STEVEN FARLEY, et al.,** : | |
| : | |
| Defendants. : | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Court should deny Plaintiff Olutokunbo Efunnuga's motion for summary judgment. First, Plaintiff's motion should be denied because discovery is ongoing, and this case remains closed. Second, issues of material fact exist pertaining to Plaintiff's illegal search and seizure claim, which is supported by the state court's prior ruling denying Plaintiff's suppression motion in his criminal case. Third, Plaintiff's motion for summary judgment on his intentional infliction of emotional distress claim fails because Plaintiff has not produced any competent medical evidence to support his claim, and because Plaintiff's credibility is an issue for the jury to decide as he has the burden of proof at trial.

## I.   BACKGROUND

Plaintiff Olutokunbo Efunnuga brought this section 1983 civil rights action arising from his narcotics arrest on March 1, 2016 at 728 North 63rd Street in Philadelphia, Pennsylvania. *See* Third Am. Cmplt. (ECF Doc. No. 40) at ¶¶ 14, 25. This case is currently closed, and discovery is ongoing.[1] *See* December 1, 2020 Order (Doc. No. 81). Nevertheless, Plaintiff has moved for summary judgment as to his illegal search and seizure claim and his intentional infliction of emotional distress claims, ostensibly against the remaining two defendants, Detective Steven Farley and Officer Eric Lee. *See* Pl.'s Mot. 1 (Doc. No. 82).

## II.   ARGUMENT

Summary judgment is only appropriate where "there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court "must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Furthermore, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.,* 530 U.S. at 151.

---

[1] Indeed, Defendants requested a copy of Plaintiff's video surveillance from the basement that, according to Plaintiff, captured the entire incident. However, Plaintiff has not yet produced this alleged evidence.

2

A. **Response to Plaintiff's Statement of Facts**

Plaintiff admits in his statement of facts that his "account of events differs significantly from defendant's story." *See* Pl.'s Mot. at 6. Many of Plaintiff's alleged "facts" are merely Plaintiff's version of events that are not corroborated by any record citations.[2] Because Plaintiff carries the burden of proof at trial and a jury may determine Plaintiff is not credible, Plaintiff's motion should be denied on this basis alone. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (When moving for summary judgment, the moving party bears the initial burden of identifying those portions of the record that he believes demonstrate the ***absence*** of material fact disputes.); *see also Block v. Biddle*, 36 F.R.D. 426, 429 (W.D. Pa. 1965).

B. **Material Issues of Fact Exist as to Plaintiff's Illegal Search and Seizure Claim.**

Plaintiff's motion for summary judgement as to his illegal search and seizure claim should be denied because material issues of fact exist regarding whether certain of the alleged searches happened as well as the existence of probable cause.

---

[2] Plaintiff's Statement of Facts does not comply with the Local Rules or this Honorable Court's policies and procedures, which require a separately filed Statement of Undisputed Material Facts, written in enumerated paragraphs that contain specific record citations. Because Plaintiff has not followed the required format, Defendants are unable to easily admit or deny the large block texts contained throughout Plaintiff's motion.

3

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.; *Miller v. Hassinger,* 173 F. App'x 948, 952 (3d Cir.2006). Probable cause to conduct a search exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. U.S.,* 116 S.Ct. 1657, 1661 (1996). The Supreme Court has clarified that "[p]robable cause is not a high bar" for an officer to meet. *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018) (internal quotation omitted). The inquiry as to the existence of probable cause is based on the totality of the circumstances. *Dempsey v. Bucknell U.*, 834 F.3d 457, 467 (3d Cir. 2016). While the existence of probable cause is generally a jury question, "summary judgment may be granted on the question of probable cause if a court concludes that 'the evidence, viewed most favorably to [the nonmoving party], reasonably would not support a contrary factual finding.'" *Id.* at 468 (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995)).

Here, there are factual issues in dispute and credibility determinations that preclude the Court from granting Plaintiff's motion for summary judgment as to his illegal search and seizure claim. Plaintiff alleges five searches occurred. *See* Pl.'s Mot. at 2-5. However, many of the facts and circumstances surrounding these

alleged searches are in dispute. First, Defendant Farley denied that any initial frisk of Plaintiff occurred. *Id.* at 52 ("Exhibit C" Defendant Farley's Interrogatory Response to question three). Second, Defendant Farley stated he received permission from Plaintiff to enter the basement. *Id.* at 54 ("Exhibit C" Defendant Farley's Interrogatory Response to question nine). Notably, Plaintiff previously litigated this issue in state court during his motion to suppress, which the state court denied. *See* Pl.'s Mot. at 45-46 (Exhibit A, Notes of Testimony from Suppression Hearing at [52:5 – 54:4]). The state court specifically found Defendant Farley's testimony credible and found his reasons for entering the basement reasonable under the circumstances. *See id.* at [53:2 – 54:4].

Third, while the parties agree Plaintiff was searched incident to arrest, Defendants had probable cause to arrest Plaintiff for narcotics violations based on the totality of the circumstances, which led them to believe Plaintiff constructively possessed the narcotics and paraphernalia they found in the basement. *See U.S. v. Cunningham*, 517 F.3d 175, 178 (3d Cir. 2008) ("Constructive possession exists if an individual knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.") (internal citations omitted). Indeed, Plaintiff told Defendants that the basement was his office. *See* Pl. Motion at 90-91 ("Exhibit H" Defendants' Arrest Memo).

Fourth, while Plaintiff contests the validity of the search warrant, Plaintiff's complaints stem largely from an affidavit that neither Defendant authored. *See id.* at 59 ("Exhibit D" Affidavit of Probable Cause Authored by Detective Blackwell). Fifth, Plaintiff complains of a search on May 5, 2016, which is a completely unrelated date that is not pled in his Third Amended Complaint and should therefore be disregarded. *See generally,* Third Am. Cmplt; *see also Krouse v. Am. Sterilizer Co.,* 126 F.3d 494, 499 n.1 (3d Cir. 1997) ("Although a complaint's allegations are to be construed favorably to the pleader ... we will not read causes of action into a complaint when they are not present.").

Viewing the facts in Defendants' favor, summary judgment is inappropriate because a jury could easily find, as the state court did, that an illegal search and seizure did not occur.

### C. Plaintiff's Intentional Infliction of Emotional Distress Claim Fails for Lack of Competent Medical Evidence and Because Factual Dispute Exists as to Whether Defendants' Actions were Extreme and Outrageous.

Plaintiff has also failed to produce any evidence with respect to his claim for intentional infliction of emotional distress ("IIED").

As a general proposition, the Tort Claims bars Plaintiff's state law intentional tort claims unless Plaintiff produces sufficient evidence for a jury to determine that Defendants' conduct constituted a "crime, actual fraud, actual malice or *willful misconduct*." 42 Pa.C.S.§ 8550 (emphasis added); *see also Renk*

6

*v. City of Pittsburgh*, 641 A.2d 289, 293-94 (Pa. 1984) (explaining the requisite state of mind of the arresting officer in determining whether or not his conduct constituted willful misconduct under 42 Pa.C.S.§ 8550). Courts have defined "willful misconduct" as conduct whereby the actor desired to bring about the result that followed, or at least was aware that it was substantially certain to follow, so that such desire can be implied. *See Bright v. Westmoreland County*, 443 F.3d 276, 287 (3d Cir. 2006) (quoting *Robbins v. Cumberland County Children and Youth Services*, 802 A.2d 1239, 1252-53 (Pa. Commw. 2002)).

Proof of willful misconduct requires proof that the defendant acted knowing that what he was doing was unlawful; i.e. "willful misconduct means that the actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue," so that such desire can be implied. *Evans v. Philadelphia Transportation Co.*, 212 A.2d 440, 443 (Pa. 1965). "'[W]illful misconduct' "necessarily entail[s] actual prior knowledge of the [plaintiff's] peril," and "must be carried out with the intention of achieving exactly that wrongful purpose." *Jones v. City of Philadelphia*, 893 A.2d 837, 843 (Pa. Commw. 2006), app. denied, 589 Pa. 733, 909 A.2d 306 (2006). Therefore, a Plaintiff suing a police officer over police conduct must establish willful misconduct "*in addition* to the elements of an intentional tort." *Cox v. Hackett*, 2006 U.S. Dist. LEXIS 51473, *4 (E.D. Pa. 2006) (citing *Renk*, 641 A.2d at 293) (emphasis in origin). Plaintiff

must show the officer "deliberately" violated a person's rights "knowing" that he was doing so. *Renk*, 641 A.2d at 293-94. Thus one must show, "not only that the police officer intended to commit the acts that he is accused of carrying out, but also that the officer understood that the actions he intended to take were unlawful and chose to take the actions anyway." *Brockington v. City of Phila.*, 354 F. Supp.2d 563, 571 (E.D. Pa. 2005).

In order to recover on an intentional infliction of emotional distress ("IIED") claim, a plaintiff "must show conduct so extreme and outrageous that it intentionally or recklessly caused him severe emotional distress." *Bock v. CVS Pharmacy, Inc.*, No. 07-412, 2008 WL 3834266, at *2 (E.D. Pa. Aug. 14, 2008) (citing *Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000) (citing Restatement (Second) of Torts § 46)). "In Pennsylvania, '[l]iability on an intentional infliction of emotional distress claim has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Kasper v. Cnty. Of Bucks*, 514 F. App'x 210, 217 (3d Cir. 2013) (internal citations omitted).

To go forward on an IIED claim, a plaintiff must produce "competent medical evidence" supporting such claim, because "it is unwise and unnecessary to permit recovery to be predicated on an inference based on the defendant's

8

'outrageousness' without expert medical confirmation that the plaintiff actually suffered the claimed distress." *See Bock*, 2008 WL 3834266, at *2 (quoting *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987)). IIED claims are appropriate for resolution via summary judgment because it is the court's decision to make the determination as to "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous [as] to permit recovery." *See Bock*, 2008 WL 3834266, at *2 (quoting *Johnson v. Caparelli*, 625 A.2d 668, 671 (Pa. Super. Ct. 1993)).

Here, Plaintiff has not produced evidence of any extreme or outrageous conduct that rises to the level of IIED. Moreover, Plaintiff has not produced any competent medical evidence to prove emotional distress. Without such evidence, Plaintiff cannot prove an injury, an essential element of the tort of intentional infliction of emotional distress. Indeed, the sparse medical records Plaintiff has produced indicate that Plaintiff was suicidal because of alcohol withdrawal – not Defendants' actions. *See* Pl. Motion at 69 ("Exhibit F" uncertified and redacted portions of alleged Mercy Hospital Records). Moreover, Plaintiff has offered no expert testimony in support of this causation theory. *See Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 153 (3d Cir. 1999) (expert required to prove causation of illness). As such, Plaintiff's claim fails as a matter of law and his motion should be denied as to his IIED claim.

## III. CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiff's motion for summary judgment, in accordance with the proposed order attached.

Date: <u>January 5, 2021</u>    <u>/s/ Katie Cooper Davis</u>
Katie Cooper Davis
Pa. Attorney ID No. 320665
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5445
Katie.davis@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLUTOKUNBO EFUNNUGA,** | : |
| | : |
| **Plaintiff,** | : **CIVIL ACTION** |
| | : No. 2:18-cv-0924 |
| v. | : |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| | : |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Response to Planintiff's Motion for Summary Judgement was filed via the Court's electronic filing system and is available for downloading. A copy will be sent to the following, via first-class mail:

> Olutokunbo Efunnuga
> #1192538/957866-G
> Bayside State Prison
> 4295 Route 47 -- P.O. Box F-1
> Leesburg, NJ 08327

Date: <u>January 5, 2021</u>     /s/ Katie Cooper Davis
     Katie Cooper Davis
     Pa. Attorney ID No. 320665
     City of Philadelphia Law Department
     1515 Arch Street, 14th Floor
     Philadelphia, PA 19102
     (215) 683-5445
     Katie.davis@phila.gov