# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLUTOKUNBO EFUNNUGA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 18-924 |
| | : | |
| STEVEN FARLEY, et al., | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Olutokunbo Efunnuga filed this § 1983 Complaint and two Amended Complaints against Defendants the City of Philadelphia and Philadelphia Police Officers Steven Farley, Eric Lee, Jeffrey Gilson, Steven Blackwell, and Richard Ross.  (Doc. Nos. 1, 15, 29.)  On March 25, 2019, I granted Defendants' Motion to Dismiss and dismissed all claims against Defendants Gilson, Blackwell, and Ross with prejudice and dismissed all claims against the City, Farley, and Lee without Prejudice.  (Doc. No. 39.)

On April 19, 2019, Plaintiff filed a Third Amended Complaint.  (Doc. No. 40.)  On August 8, 2019, I granted the City's Motion for Judgment on the Pleadings and entered Judgment in favor of the City against Plaintiff.  (Doc. Nos. 51, 52.)  Accordingly, Farley and Lee are the only remaining Defendants.  Plaintiff has moved for summary judgment and for leave to file a Fourth Amended Complaint.  (Doc. Nos. 82, 89)

**Motion for Summary Judgment**

On December 21, 2020, Plaintiff filed a Motion for Summary Judgment. (Doc. No. 82.)  Discovery is ongoing.  I will deny Plaintiff's Motion for Summary Judgment without prejudice.  Plaintiff may renew his Motion at the close of discovery according to the Court's forthcoming Scheduling Order.

**Motion for Leave to File an Amended Complaint**

On August 23, 2021, Plaintiff filed a Motion for Leave to File an Amended Complaint.  (Doc. No. 89.)  Plaintiff states that this Fourth Amended Complaint remedies the defects in the Third Amended Complaint by removing previously dismissed Defendants and including additional allegations to show how the Defendants' conduct caused his injuries.  (Id. at ¶ 7.)

I "should freely give leave when justice so requires."  Fed. R. Civ. Pro. 15(a).  "The policy favoring liberal amendments of pleadings, however, is not unbounded."  Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990).  The decision to grant or to deny a motion for leave to amend rests within my discretion. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997).  I may deny leave to amend when: "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  Lake v. Arnold, 232 F.3d 360, 373 (3d. Cir. 2000).

Here, Plaintiff's requested amendment names Defendants Farley and Lee, who both are already Defendants in this case. (Doc. No. 89-2.) Although Plaintiff states that the requested amendment also provides additional facts illustrating how Defendants' conduct caused his injuries, he is not required to plead additional facts. Plaintiff is free to present these facts in support of his claims at trial or in a dispositive motion. Plaintiff's amendment would thus be futile. Accordingly, I will deny Plaintiff's Motion for Leave to File an Amended Complaint.

* * *

**AND NOW**, this 20th day of January, 2022, upon consideration of Plaintiff's Motion or Leave to File an Amended Complaint (Doc. No 89), Plaintiff's Motion for Summary Judgment (Doc. No. 82), and Defendants' Response in Opposition of Summary Judgment (Doc. No. 83), it is hereby **ORDERED** that:

1.     Plaintiff's Motion for Summary Judgment (Doc. No. 82) is **DENIED without prejudice**; and

2.     Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 89) is **DENIED**.

                                        **AND IT IS SO ORDERED.**

                                        _/s/ Paul S. Diamond_
                                        Paul S. Diamond, J.