Olutokunbo Efunnuga,
No.: 1192538 / 957866-G
Bayside State Prison
4293 Route 47, P.O. Box F-1
Leesburg, NJ 08327,
Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OLUTOKUNBO EFUNNUGA )
    Plaintiff, )
  )
  )
    v. )
  ) Civil Action No. 2:18-cv-0924
  )
OFFICER STEVEN FARLEY No. 4716 )
Individually and in His Official Capacities )
c/o City of Philadelphia Law Department )
One Parkway, 15th Floor )
1515 ARCH Street )
Philadelphia, PA 19102; )
  )
OFFICER STEVEN ERIC LEE No. 3351 )
Individually and in His Official Capacities )
c/o City of Philadelphia Law Department )
One Parkway, 15th Floor )
1515 ARCH Street )
Philadelphia, PA 19102. )

## (42 U.S.C. § 1983)

PLAINTIFF ALLEGES:

## COMPLAINT

This is a civil rights action in which named Plaintiff, Olutokunbo Efunnuga, seeks relief in the form of declaratory and injunctive relief, as well as compensatory and punitive damages for injuries and the violation of his rights, privileges, and immunities secured by the Civil Rights Act of 1871 (42 U.S.C. § 1983), Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000(d), et seq.), 42 U.S.C. §§ 1981, 1982, 1985 and 1988, the First, Fourth, Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, other Constitutional provisions and Federal statutes, and the laws and constitution of the Commonwealth of Pennsylvania.

This is an action for damages sustained by a citizen of the United States against police officers of the City of Philadelphia Police Department, who unlawfully harassed, arrested, assaulted and prosecuted the plaintiff.

## I. JURISDICTION

1.      This action is brought pursuant to Title VI of the Civil Rights Act 1964, 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1988, the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, other constitutional provisions and federal statutes, and pursuant to 28 U.S.C.§§ 1331, 1332 and 1343 et seq.

2.      Jurisdiction is established over state law claims based on supplemental jurisdiction under 28 U.S.C.§ 1367.

3.      Declaratory and Injunctive relief is authorized by 28 U.S.C. §§ 2201-2202, and rule 57 of the Federal Rules of Civil Procedure.

4.      The amount in controversy exclusive of interest and cost exceeds one hundred- and fifty Thousand ($150,000.00) Dollars.

## II. VENUE

5.      All claims herein arose within the jurisdiction of the United States District Court of the Eastern District of Pennsylvania, and involve Defendants whose residence or principle place of business is within the Courts jurisdictional boundaries. Therefore, venue is appropriately invoked pursuant to 28 U.S.C § 1391(b) and (c).

### III. PARTIES

6.      Plaintiff is a resident of Dagsboro, Delaware. At all times relevant to the allegations of this complaint was a citizen of United States, and a resident of Yeadon, Pennsylvania in the County of Delaware.

7.      At all times relevant to this action, Defendant Steven Farley was a police officer employed by the Philadelphia Police Department and issued the badge No. 4716, to perform duties in the City of Philadelphia and was assigned to the 19th District.

   a) At all relevant times, this defendant was acting as the agent, servant, and employee of the City of Philadelphia. Defendant Farley was acting under Color of state law.

   b) This defendant is sued individually and in his official capacity.

8.      At all times relevant to this action, Defendant Eric Lee was a police officer employed by the Philadelphia Police Department and issued the badge No. 3351, to perform duties in the City of Philadelphia and was assigned to the 16th District.

   a) At all relevant times, this Defendant was acting as the agent, servant, and employee of Defendant City of Philadelphia. Defendant lee was acting under color of state law.

   b) This Defendant is sued individually and in his official capacity.

### IV. FACTUAL ALLEGATIONS

9.      On or about the 1st day of March 2016, at or about 10:30 pm, the Plaintiff was on the premises of 728 North 63rd St., in Philadelphia Pennsylvania[1], in his professional Capacity as a property manager, lawfully addressing an electrical issue at the building. In do so, a disagreement between himself and tenants of the building erupt into a physical altercation which

---

[1] Property is an apt building owned by Olukorede Efunnuga, and operated by Intellectual Property Management LLC, a business which was owned and operated by Plaintiff.

began in the basement and spilled outside into the backyard and adjacent alleyway of the property.

10.     During the altercation, Plaintiff contacted the Police to report being assaulted. Defendants Steven Farley and Eric Lee were the first responders to arrive on the premises. Almost immediately upon initial interaction, plaintiff was treated with indifferent tone and action by Officer Farley and subjected to a personal search or **"frisk"**.

11.     Following a brief interrogation, the defendants thoroughly searched plaintiff's person, which failed to produce any contraband. However, three forms of identification were discovered on his person during the personal search or **"frisk"**, positively identifying him.

12.     The interrogation produced the facts that plaintiff was:

   a) brother of the landlord;

   b) not a resident of the property;

   c) property manager of the building;

   d) there to address an electrical issue in the unit of the property;

   e) the complainant in the matter;

   f) summoned to the property from his business office.

13.     Defendants, with each other's active approval, conducted a personal search and seizure in public without reasonable suspicion or probable cause. No reasonable basis existed for the actions taken against plaintiff...[2], and was done by Defendant Farley in retaliation for the manner of Plaintiffs' replies to the interrogation.

14.     After further investigation was conducted, Plaintiff was instructed by the officers to retrieve his personal effects from the basement and leave the premises, of which he complied.

15.     To gain access to the basement, a tenant of the building, Ibrahim Howard unlocked a chain and lock used to secure the gate to allow plaintiff entry. Ibrahim Howard then retained possession of the chain and lock used to secure the unit while he remained outside with the Officer.

16.     Plaintiff entered the basement, which had the power turned off at the time, to gather his tools and search for his personal car and home keys which were lost in the altercation.

---

[2] No other persons present were subjected to **"Frisk"**.

17.     At the same time Defendant Farley entered the basement without notice, consent or exigency and aided, with a flashlight, to retrieve plaintiff's keys.

18.     The keys were easily observed by Defendant Farley, using his flashlight, and both Plaintiff and defendant exited the basement, as defendant Farley lead the way using the light from his flashlight.

19.     The Plaintiff followed closely behind him, first closing the interior door of the basement, then closing the exterior gate behind the both of them.

20.     Once outside, Plaintiff had a brief verbal exchange with tenant Ibrahim Howard, in which Howard requested a heavy duty chain to secure the gate with.

21.     Plaintiff then proceeded to get a chain from his vehicle, which was parked approximately 10 cars distance from the patrol car, by first walking past Defendant Farley, who remained in rear of building speaking with Ibrahim Howard, and then past Defendant Lee, who was standing curbside by the patrol car in front of the property.

22.     Sometime upon Plaintiff's departure from the property, Defendant Farley reentered the basement, which was not locked but closed to the public, and conducted a search of the premises.

23.     Approximately 10 minutes later, upon his return from his vehicle with a heavy duty towing chain in his possession, Plaintiff was violently seized, searched and arrested by Defendant Farley, as Defendant Lee watched on.

24.     In the process of the arrest, Plaintiff was pushed up against the brick building, held at gunpoint and prodded with a gun in the hand of Defendant Farley.

25.     Although Plaintiff professed his innocence, he was handcuffed behind his back as tenants and neighbors observed and walked across the premises of the property and public streets, while handcuffed, into an awaiting squad car belonging to defendants.

26.     The Plaintiff's possessions were removed from his person, which included a cell phone, his personal vehicle and home keys as well as a wallet containing $301.00 USD and three forms of identification:

    a) Pennsylvania Driver's License;

    b) Delaware State Non Driver's License;

    c) Social Security Card.

27. Plaintiff in no way instigated, caused, or contributed to the complained of conduct. At the same time Plaintiff was falsely, publicly and malicious accused of violating state narcotics laws.

28. The currency seized was not instruments of any unlawful activity.

29. Plaintiff was placed into the back of a patrol car where he remained for approximately and hour. While detained in the rear of patrol car, Plaintiff overheard conversations between Defendant's Farley, and other police personnel regarding the circumstances of the arrest and searches.

30. These conversations consisted of Defendant Farley referring to Plaintiff as a "smart ass" because of how he asserted his rights in the manner of his replies. Defendant Farley acknowledged his wrongdoing in procedures and practice and repeatedly referred to the circumstances using terms such as "clusterfuck", while confirming that plaintiff was on "parole and will sit anyway".

31. It was the first meeting of the minds by Defendant Farley and unknown police officers, which served as bases for the conspiracy to deprive Plaintiff of his constitutionally protected rights.

32. Plaintiff was later removed from the premises and taken to the 19th district precinct, where he remained in the squad car while Defendant Farley exited the vehicle and submitted documents in the Police Station.

33. Plaintiff was subsequently transported to the 18th district precinct to be further processed, fingerprinted, and detained while awaiting charges to be filed against him.

34. A search warrant was sought by Detective Steven Blackwell, the affiant. In his application for the warrant, Detective Blackwell falsely identified Plaintiff as the owner of the property, in contradiction of the record knowingly, intentionally, with reckless disregard of the truth and materially affecting the finding of probable cause.

35. According to the record check on the property made by Defendant Gilson, Plaintiff was not the owner of the property.

36. On or about the 2nd day of March, 2016, a search warrant was executed by Detective Gilson and Blackwell and charges were filed against the Plaintiff.

37. Preliminary arraignment was held on 3/3/16 on the following charges:

**a) 35 § 780-113 MANUFACTURE, DELIVERY MARIJUANA;**

### b) 35 § 780-113 USE/POSSESSION OF DRUG PARA.

38.    At the same time bail was fixed at $10,000.

39.    Plaintiff was then transported from the 18th district precinct to the Curran-Fromhold Correctional Facility.

40.    On or about the 3/4/16, bail was posted and Plaintiff was released pending trial.

41.    Upon his release Plaintiff discovered that his keys were not returned in his property. Plaintiff returned to the 19th district precinct to inquire with police personnel regarding the matter but was told that the arresting officers, which was Steven Farley, was unavailable that day.

42.    Plaintiff returned to the 19th district precinct on or about the 3/5/16, and was informed by Defendant Farley that he had no knowledge of the where-abouts of the keys nor did he enter them into property.

43.    Defendant Farley discarded the keys as further retaliation to Plaintiff. The keys were then obtained by someone who used them to access Plaintiff's truck without permission and stole various items.

44.    As a direct and proximate result of the deliberate indifference and callous disregard for Plaintiff's property in the care, custody and control of Defendant Farley, Plaintiff's vehicle was accessed by persons without consent to do so using the keys and large sums of collected rent money ($1,200), jewelry ($7,500), and tools ($3,000) were stolen from the truck.

45.    Defendants owed a duty to the plaintiff and were responsible for keys that were removed from his person upon arrest.

46.    Plaintiff was then forced to expend large sums of money to gain access into his home, to operate his vehicles and replace the keys that were lost.

47.    On or about the 5th day of May 2016, while Plaintiff was conducting repairs to a hot water heater in the basement of 728 North 63rd St., Defendant Farley and Officer Ramon Chaulisant, abruptly intruded into the property without knocking, unannounced, without consent to harass the Plaintiff.

48.    First, demanding that he stop what he was doing, then conducting a **"frisk"**, before making inappropriate comments and leaving with no explanation or justification.

49.    Defendant Farley with Officer Ramon Chaulisant conducted a personal search and seizure of Plaintiff in and of the private property. No reasonable basis existed for the actions

taken against Plaintiff and were done in display of indifference, retaliation and to intentional cause emotional distress.

50.    As a result of the unlawful conduct of defendant, Plaintiff has been caused to fear repetition of unlawful conduct by defendant and other police officers.

51.    Plaintiff henceforth felt unsafe in the confines of the property and began to avoid the property as much as possible.

52.    On another occasion, between May 5th 2016 and October 1st 2016, Plaintiff was on the premises of said property performing lawn care duties. While legally loading his truck with equipment, Defendant Farley and an unknown Officer pulled parallel in a patrol car and made threatening and harassing comments in attempt to intimidate Plaintiff.

53.    The acts of Defendant Farley were extreme and outrageous and performed in retaliation to prior events.

54.    On or about 10/7/16, the date of trial on the matter, Plaintiff attempted to commit suicide and was found unresponsive in his home at 537 Orchard Ave, in Yeadon, Pa. Because of the harassment and intimidation of the defendants.

55.    Plaintiff was transported to the emergency room of Mercy Fitzgerald Hospital in critical condition. He was admitted to intensive care unit and remained in a coma at the hospital until 11/2/16.

56.    On or about the 2nd day of November 2016, while in the hospital, Plaintiff was arrested by the Darby Police for failure to appear to trial on 10/7/16, and taken into custody at Delaware County Prison to await extradition to Philadelphia.

57.    On or about the 8th day of November 2016, Plaintiff was removed from George W. Hill facility in Delaware County and taken into custody of Philadelphia to be detained at the Curran-Fromhold Correctional Facility, pending trial.

58.    On the 13th day of March 2018, following a bi-furcated waiver trial presided over by the Honorable Judge Tracy Brandies-Roman, Plaintiff was **Acquitted** of all charges in the criminal matter.

## A. *(VIOLATION OF SUPERVISED RELEASE)*

59.    As a direct consequence of the criminal charges of Plaintiff by defendants, a separate and related criminal action was initiated by the office of United States Probation and

Parole alleging violations of terms and conditions of supervised release based on the allegations in the criminal matter in the Philadelphia Court of Common Pleas.

60.     On or about the 14th day of March 2016, a request for revocation of supervised release was filed in the United States District Court for the Eastern District of Pennsylvania.

61.     A summons was issued on 3/16/16 and hearing postpone pending the outcome of the criminal matter which gave rise to revocation.

62.     On or about the 23rd day of May 2017, Plaintiff was extradited from C.F.C.F in Philadelphia to federal custody and detained at Federal Detention Center, Philadelphia.

63.     On 1/24/18, Plaintiff stipulated to violating terms and conditions of Federal supervised release and sentenced to 13 months' incarceration with no term of supervised release to follow.

### B.  (CIVIL FORFEITURE ACTION)

64.     On the 21st day of October 2016, a civil forfeiture action was initiated against $301.00 USD., *IN RE* Olutokunbo Efunnuga, Property receipt #: 3242363.

65.     At no time was any defendant able to find any probable cause or legal basis to justify the prosecution of the currency and on December 1st 2017, the forfeiture action was **Withdrawn**, the proceedings **Terminated** in favor of Plaintiff, and property returned.

# V. CAUSE OF ACTION

### COUNT I
*Plaintiff v. All Defendants*
## VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS RIGHT OF UNITED STATES CONSTITUTION AND ARTICLE 1 OF THE PENNSYLVANIA CONSTITUTION DUE PROCESS RIGHTS AND SECURED BY 42 U.S.C. § 1983

66.     Plaintiff hereby incorporates by reference, paragraphs 1 through 68, as though they are fully set forth herein. 65

67.     The due process clause of the Fourteenth Amendment of the U.S. Constitution prohibits state actors from depriving individuals of "liberty" without due process of law.

68. Pursuant to the due process clause of Fourteenth Amendment, Plaintiff enjoyed a constitutionally protected liberty in his reputation as a fundamental right entitled to legal protection.

69. As a direct and proximate result of Defendants' actions, Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution and Article I Section 8 of the Pennsylvania Constitution were violated.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Acts of 1964: 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First Fourth, Fifth and Fourteenth Amendments of the United States Constitution, other constitutional provisions, federal statues and state laws in an amount not less than $150,000.00, fees, costs, expenses and interest.

## COUNT II

### *Plaintiff v. Defendant Eric Lee*
### VIOLATION OF CIVIL RIGHTS WHILE ACTING UNDER COLOR OF LAW FOR FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

70. Plaintiff hereby incorporates by reference, paragraph 1 through 72 [69], as though they are fully set forth herein.

71. This cause of action is brought by Plaintiff, against Defendant Lee for failure to intervene to prevent Defendant Farley from violating the constitutional rights of Plaintiff. The Officer has an affirmative duty to intervene when he is aware or should be aware of constitutional violations in their presence and fails to take responsible steps to protect the victims of another from those offenses.

72. Defendants Lee failed to prevent the aforementioned constitutional violations to be committed against Plaintiff when he had a reasonable opportunity to do so. Defendant Lee's failure to intervene is a violation of the Fourth and Fourteenth Amendments and as such is actionable under 42 U.S.C. § 1983.

73. The intentional, willful and wanton acts of Defendant Lee establish a claim for punitive damages by Plaintiff against Defendant Lee.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964: 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth, and Fourteenths

Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, fees, costs, expenses and interest.

## COUNT III
*Plaintiff v. All Defendants*
### CONSPIRACY IN VIOLATION OF 42 U.S.C.§ 1983

74.    Plaintiff hereby incorporates by reference, paragraph 1 through 73, as though they are fully set forth herein.

75.    This cause of action is brought by Plaintiff against Defendants for conspiracy to interfere with Plaintiff constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

76.    The Defendants entered into agreement for the purpose of depriving Plaintiff of his constitutionally protected rights by utilizing, while acting under color of law in their capacity as police officers by the City of Philadelphia.

77.    Defendants had knowledge of the nature and scope of the agreement and agreed to fabricate an official version of events to conceal their constitutional violations of Plaintiff's rights.

78.    Defendants expressly or tacitly agreed to act and did expressly or tacitly act under color of state law pursuant to the numerous unconstitutional, customs, policies and practices averred herein, knowingly, intentionally, willfully, maliciously, wantonly, grossly intentionally, recklessly and deliberate indifference, in concert and conspiracy with each other and others in furtherance of numerous unconstitutional customs, policies and practices to undertake the violations of Plaintiff's constitutional, civil and other federal rights described herein.

79.    As a result of all Defendants' knowingly, intentionally, willfully, maliciously, wantonly, grossly intentional, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, custom, policy and practice, Plaintiff suffered and continues to suffer great pain and suffering, physical injury, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of his constitutional and other state and federal rights.

80.   The acts of the Defendants were carried out for the very purpose of depriving Plaintiff of the equal protection of laws and equal privileges and immunities under the law and to expressly violate Plaintiff's right to be free from the use of excessive force, unreasonable search and seizure, false arrest and imprisonment, as well as malicious prosecution of his person and property defined in the Fourth and Fourteenth Amendments of the United States Constitution.

81.   As a direct and proximate consequence of conspiracy, Plaintiff sustained severe, humiliation, emotional distress, physical injury, pain and suffering.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth, and Fourteenths Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, fees, costs, expenses and interest.

## COUNT IV
### *Plaintiff v. All Defendants*
## FALSE ARREST AND FALSE IMPRISONMENT UNDER FEDERAL LAW

82.   Plaintiff hereby incorporates by reference. Paragraph 1 through 84, as though they are fully set forth herein.

83.   On March 1, 2016, Plaintiff was falsely accused of crimes and wrongfully maliciously arrested by Defendants.

84.   Plaintiff was acquitted on all the crimes that he was charged with. Thus, all proceedings were successfully terminated in Plaintiff's favor.

85.   Defendants' conduct constitutes false arrest and false imprisonment that was done knowingly, willfully, maliciously, wantonly, intentionally, recklessly and with deliberate indifference in concert and conspiracy with each other and others to violate Plaintiff's constitutional rights under the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1983, 1985(3), 1986, 1988 and other federal laws.

86.   Defendants' knowingly, intentionally, willfully, maliciously, wantonly, recklessly and deliberately indifferently caused Plaintiff to be wrongfully imprisoned when they knew or could have known that he was innocent.

87.   As a result of Defendants' knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiff has suffered and

continued to suffer great pain and suffering, physical injury, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of his constitutional and other federal rights.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth, Eighth and Fourteenths Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $350,000.00, fees, costs, expenses and interest.

## COUNT V
### *Plaintiff v. All Defendants*
## MALICIOUS PROSECUTION AND ABUSE OF PROCESS
## PURSUANT TO 42 U.S.C.§ 1983

88.    Plaintiff hereby incorporates by reference. Paragraph 1 through 90, 87 as though they are fully set forth herein.

89.    On March 1, 2016, Plaintiff was falsely accused of crimes and wrongfully maliciously arrested by Defendants. As a result of the false arrest and malicious prosecution Plaintiff's property was seized and subjected to civil forfeiture proceedings.

90.    Plaintiff was acquitted on all the crimes that he was charged with as a result of this false and malicious arrests. Thus, all proceedings were successfully terminated in plaintiff's favor.

91.    As a result of Defendants' knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiff has suffered and continued to suffer great pain and suffering, physical injury, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of his constitutional and other federal rights.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth, and Fourteenths Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $350,000.00, fees, costs, expenses and interest.

## COUNT VI
### *Plaintiff v. All Defendants*

## VIOLATION OF FOURTH AMENDMENT'S GUARANTEE
## OF FREEDOM FROM UNREASONABLE SEARCH AND SEIZURE

92.     Plaintiff hereby incorporates by reference. Paragraph 1 through 94 [91], as though they are fully set forth herein.

93.     The warrantless searches and seizures by Defendants violated Plaintiff's rights to be secure in his possessions and to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution and laws of the United States.

94.     As a direct and proximate result of Defendants' actions, Plaintiff's rights under the Fourth Amendment of the United States constitution were violated.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth, and Fourteenths Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, fees, costs, expenses and interest.

## COUNT VII
### *Plaintiff v. Defendant Farley*
## EXCESSIVE FORCE, ASSAULT AND BATTERY

95.     Plaintiff hereby incorporates by reference. Paragraph 1 through 97 [94], as though they are fully set forth herein.

96.     On March 1, 2016, Defendant Farley assaulted and battered Plaintiff without provocation of legal justification.

97.     At all times during the assault and battery, Plaintiff was in the custody of Defendant Farley by show of his authority as a City of Philadelphia police officers.

98.     As a direct and proximate result of Defendant Farley's assault and battery of Plaintiff, Plaintiff was cause to suffer injuries to his wrist and arm.

99.     Defendant Farley's assault and battery of Plaintiff was done knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiff has suffered and continued to suffer great pain and suffering, physical injury, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of his constitutional and other federal rights.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth, and Fourteenths Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, fees, costs, expenses and interest.

## COUNT VIII
### *Plaintiff v. All Defendants*
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

100.   Plaintiff hereby incorporates by reference. Paragraph 1 through 99, as though they are fully set forth herein.

101.   Defendants' actions knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifference to cause Plaintiff extreme emotional distress.

102.   Defendants' actions caused Plaintiff to attempt suicide, suffer unnecessary physical pain, suffering and emotional pain and suffering.

103.   Defendants' conduct in concert with each other, was done knowingly, intentionally, willfully, maliciously, wantonly, grossly, intentionally, and recklessly and was beyond the bounds of conduct tolerated in civilized society.

104.   As a result of Defendants knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiff has suffered and continued to suffer a violation of his constitutional rights and to suffer great pain and suffering, physical injury, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of his constitutional and other federal rights.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth, and Fourteenths Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, fees, costs, expenses and interest.

## COUNT IX
### *Plaintiff v. Defendant Farley*
### RETALIATION

105.    Plaintiff hereby incorporates by reference, Paragraph 1 through 107, as though they are fully set forth herein.

106.    On March 1, 2016, May 5th 2016, and on one other occasion Defendant Farley retaliated against Plaintiff by unlawfully searching, seizing, invading his private dwelling, harassing, wrongfully arresting Plaintiff, and taking his property because he had authoritatively asserted his First Amendments rights and refused to be intimidated by Defendant Farley.

107.    At those times Defendant Farley retaliated against Plaintiff by commencing a campaign of fear and intimidation, wrongfully and maliciously arresting him. Defendant Farley knew that the United States Constitution barred his actions against Plaintiff, or that Plaintiff's rights to be free from retaliatory police conduct was firmly established on that date.

108.    As a result of Defendant Farley's knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiff has suffered and continued to suffer a violation of his constitutional rights and to suffer great pain and suffering, physical injury, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of his constitutional and other federal rights.

WHEREFORE, Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1986 and 1988; the First, Fourth, Fifth, and Fourteenths Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws in an amount not less than $150,000.00, fees, costs, expenses and interest.

## COUNT X
### *Plaintiff v. All Defendants*
### TAKING OF PROPERTY RIGHTS

108

109.    Plaintiff hereby incorporates by reference, Paragraph 1 through ~~111~~, as though they are fully set forth herein.

110.    All individually Defendants knew or should have known that the U.S. currency unlawfully seized was the lawfully possessed property of Plaintiff.

111.    Yet individually named Defendants agreed to act knowingly, intentionally, willfully, maliciously, wantonly, recklessly and with deliberate indifference, in concert and conspiracy with each other and others to wrongfully interfere with Plaintiff's property rights,

112.   Defendants knowingly, intentionally, willfully, maliciously, wantonly, recklessly and with deliberate indifference, in concert and conspiracy with each other and others to wrongfully deny with Plaintiff's property rights.

113.   As a result of Defendants' knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiff has suffered and continued to suffer a violation of his constitutional rights and to suffer great pain and suffering, physical injury, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of his constitutional and other federal rights.

## COUNT XII
*Plaintiff v. All Defendants*
### SUPPLEMENTAL STATE LAW CLAIMS

114.   Plaintiff hereby incorporates by reference Paragraph 1 through ~~116~~, 113 as though they are fully set forth herein.

115.   The acts and conduct alleged in paragraph 1 to 116 constitute torts under the laws of the state of Pennsylvania, including the torts of:

   a) False Arrest, false Imprisonment;

   b) Illegal Search and Seizure;

   c) Failure to Intervene;

   d) Excessive Force, Assault and Battery;

   e) Unequal Protection of Law, Selective enforcement

   f) Malicious Prosecution;

   g) Intentional Infliction of Emotional Distress;

   h) Abuse of process, Malicious abuse of process;

   i) Civil Conspiracy;

   j) Negligence; and Gross Negligence.

WHEREFORE, Plaintiff requests;

   a. On all claims for relief, Plaintiff demands damages in the amounts as stated on all claims for relief and all costs of this action with interest.

b. Under the civil rights act of 1871, 42 U.S.C. § 1988, 28 U.S.C. § 1961 and 28 U.S.C. § 1920, Plaintiff demands reasonable fees, costs and expenses, and interest.

c. On all claims for relief, Plaintiff demands punitive damages in the amount of over $150,000.00 on all claims for relief and all costs of this action with interest because defendants' actions exceeded the normal standards of decent conduct and were malicious, willful, oppressive, outrageous and unjustifiable.

d. Plaintiff demands other just relief as the court may award.

## COUNT XII
## DEMAND FOR JURY TRIAL

116.   Plaintiff hereby incorporates by reference Paragraph 1 through ~~118~~ 115, as though they are fully set forth herein.

117.   On all claims for relief asserted, Plaintiff demands a trial by jury


## PRAYER FOR RELIEF

118.   PLAINTIFF SEEKS:

A. Declaratory judgment that the acts of City of Philadelphia, the Philadelphia Police Department, and their agents, servants and employees, violated the plaintiff's constitutional rights;

B. An award of compensatory damages to the plaintiff in amount to be determined by the trier of facts as sufficient to compensate the plaintiff for the injuries described in this complaint;

C. An award of punitive damages to plaintiff in an amount to be determined by the trier of facts as sufficient to punish each defendant against whom the damages are awarded and sufficient to deter similar conduct in the future by the defendants;

D. An award of reasonable costs and expenses to plaintiff in this action; and

E. An award to plaintiff of all other relief that is just and proper.

8-18-21

RESPECTFULLY SUBMITTED,

*OLUTOKUNBO EFUNNUGA.*
Plaintiff.

DATE: 8-18-21

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Olutokunbo Efunnuga       :
      :
    v.       :     Civil Action No. 2:18-cv-0924
      :
Steven Farley, et al.       :

## VERIFICATION

I Olutokunbo Efunnuga, declare that all facts stated in the foregoing Complaint

for damages are true and correct to the best of my knowledge, information and belief, and are

subject to the penalties of perjury as provided for in 28 U.S.C. § 1746, for unsworn falsifications.

RESPECTFULLY SUBMITTED,

OLUTOKUNBO EFUNNUGA

DATE: 8-18-21

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Olutokunbo Efunnuga

    v.

                         Civil Action No. 2:18-cv-0924

Steven Farley, et al.

## CERTIFICATE OF SERVICE

I certify that, prior to 5:00 p.m. on ~~8-18-21~~ 7-9-22 , I placed a true and correct copy of the attached Complaint, together with all attachments, exhibits, and supporting papers, in the United States mail, in [a] properly-addressed envelope[s], with first class postage duly paid and affixed to the envelope[s], and with the envelope[s] addressed to:

ATTN: ~~Katie Cooper-Davis~~ Jenna Jankowski,

City of Philadelphia Solicitors Office
14th Floor
1515 Arch Street
Philadelphia, PA 19102

RESPECTFULLY SUBMITTED,

OLUTOKUNBO EFUNNUGA

7-9-22

DATE 8-16-21

Olutokunbo Etunnuga
#1192538/957866-G
Southwoods State Prison
215 S. Burlington road
Bridgeton, NJ 08302

FIRST-CLASS MAIL

quadient
07/08/2022
US POSTAGE $001.96⁰

ZIP 07114
041M11471049

U.S.M.S.
X-RAY

ATTN: Court Clerk
U.S. District Court
601 Market st.
Phila, PA 19106-9865


RECEIVED
JUL 12 2022

legal Mail