Clerk of Court
United States District Court
601 Market St.
Phila., PA 19106
Re: Efunnuga v. Farley et al.
Civil Action No.: 18-924

To Whom This May Concern:

I am a pro se Plaintiff, no longer represented by Olugbenga O. Abiona Esq., for purposes of this Appeal. On or about the 3rd day of August 2023, I mailed Notice of Appeal to District Court, in respect to (Doc. No. 143).

I would like to inquire with Clerk regarding Docketing, Correspondence or reciept of said letters or documents. I request to proceed pro se on appeal in this matter and respectfully request that any and all Correspondences be forwarded to me at my address of record.

Olutokunbo Efunnuga
#1192538/957866-G
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327

Respectfully Submitted,
Olutokunbo Efunnuga
Olu~
9-12-23

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OLUTOKUNBO EFUNNUGA
    Plaintiff,

                       : CIVIL ACTION No.: **2:18-cv-0924**

    Vs.

STEVEN FARLEY et. al.
    Defendants.

---

Rule 60

**PLAINTIFF OLUTOKUNBO EFUNNUGA'S MOTION FOR ~~SUMMARY JUDGMENT~~**


Plaintiff Olutokunbo Efunnuga, hereby files this Motion for Relief from a Judgment or Order pursuant to, Pursuant to Fed. R. Civ. P. 60, on claim of Illegal Search and Seizure with respect to incident which occurred on May 5, 2016.

Plaintiff incorporate by reference the attached Memorandum of Law as though fully set forth at length.


Respectfully Submitted,

Olutokunbo Efunnuga

Date: 9-11-23

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OLUTOKUNBO EFUNNUGA
     Plaintiff,

                                 : CIVIL ACTION No.: **2:18-cv-0924**

     Vs.

STEVEN FARLEY et. al.
     Defendants.

---

## ORDER

**AND NOW,** this \_\_\_\_\_ day of _____, 202\_\_, upon

consideration of Plaintiff Olutokunbo Efunnuga's Motion for Relief from a

Judgment or Order pursuant to, Pursuant to Fed. R. Civ. P. 60, it is hereby

**ORDERED** that Plaintiffs' Motion is **GRANTED**.

BY THE COURT:

_____J.

1

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGEMENT OR ORDER

Plaintiff, Olutokunbo Efunnuga, hereby moves for Relief from a Judgment or Order Pursuant to Fed. R. Civ. P. 60, against Steven Farley, on claims of Illegal Search and Seizure with respect to incident which occurred on May 5, 2016. The court retains jurisdiction to vacate a dismissal under Rule 60(b), enabling it to reopen the case on grounds such as mistake and fraud. The motion should be made under Rule 60(b), which allows relief from mistake, inadvertence, surprise, or excusable neglect, or on a showing of other good cause.

### PROCEDURAL HISTORY

Plaintiff, acting *pro se,* filed the instant Fourth Amended Complaint in July 2022. (Doc. Nos. 1, 101.) The Complaint contains eleven Counts, which were all dismissed by the Court on July 13, 2023. (Doc. No. 143.) The, **Count 6** "Violation of Fourth Amendment's guarantee of freedom from unreasonable search and seizure", claim was adjudicated by this Court as to March 1, 2016 "claims arising from the initial frisk", and "with respect to the basement entries on March 1, 2016 *Id.* However, the claims arising from the incident on May 5, 2016 were not mentioned. The Order is devoid of adjudication of the Fourth Amendment Violation for Unreasonable Search and Seizure (Count 6), as they pertain to the unlawful entry and unlawful frisk of Appellant on May 5, 2016. These claims are clearly asserted in ¶¶ 47-51 of Fourth Amended Complaint, and supported by the record with particular detail in ¶¶ 50-54 of Plaintiff's Affidavit.

### STATEMENT OF FACTS

On May 5, 2016, at approximately 2:34 P.M., Plaintiff was on the premises of 728 North 63rd St., lawfully conducting repairs to a hot water heater in the basement of the property when he was surprised by Defendant Farley and Officer Chaulisant. The police officers conducted an unannounced warrantless entry of the property to investigate a complaint of theft in progress. While inside the basement Defendant Farley conducted a personal search or "frisk of Plaintiff and search of the premises. Defendant Farley made disparaging comments of the Plaintiff and

refused to inform Plaintiff of the cause of actions taken against him. Plaintiff remained unaware of the complaint until discovery in this civil action.

It is undisputed that a priority one call went out on Police radio on May 5, 2016, at approximately 2:34 P.M., complaining of (Theft in Progress) at 728 N. 63rd St. See Philadelphia PD Incident History Details, 3/4/20, D0086, page 7, at Call #: 1612604752.

It is undisputed that on the same date, time and location as above, upon initial arrival of the premises, Defendant Farley and Officer Chaulisant encountered the complainant, a tenant of the 2nd floor apartment named Chris, who informed them that plaintiff was on location, in the basement "putting building materials in the truck from the basement of the above address…" See Philadelphia PD Incident History Details, 3/4/20, D0086, page 7, at Call #: 1612604752.

It is undisputed that prior to entering the basement and encountering plaintiff on May 5th, 2016, Defendant Farley was under the knowledge, information and belief that Appellant was the landlord of the property, with a reasonable expectation of privacy in the basement, and that he allegedly referred to the as his office.

It is undisputed that after investigations were completed by Defendant Farley and officer Chaulisant, it was their determination that no unlawful acts were committed by plaintiff on May 5th, 2016.

It is undisputed that Appellants' person was searched by Appellee Farley and Officer Chaulisant.

## ARGUMENT

### THE DISTRICT COURT ERRED AS A MATTER OF FACT AND LAW BY GRANTING SUMMARY JUDGMENT ON (Count 6) FOURTH AMENDMENT VIOLATION FOR UNREASONABLE SEARCH AND SEIZURE IN FAVOR OF DEFENDANTS', WITH RESPECT TO THE ENTRY OF BASEMENT ON MAY 5, 2016.

Rule 60 permits correction of clerical and other errors made by district judges, including errors of both fact and law, and the broad scope of Rule 60 empowers a district judge to do justice in the particular circumstances of each case.

On May 5, 2016, Defendant Farley and Officer Chaulisant responded to a radio call of the Plaintiff removing items from the basement and placing them into a black pick-up truck.

According to call record #1612604752, Plaintiff was identified on the priority one call as a "TALL BLK MALE (OLUKUREDE EFUNNUGA)", PUTTING BLDG MATERIALS IN THE TK FRM THE BSMT OF THE ABV ADDRESS". Based on the dispatch information; prior history between Defendant Farley and Plaintiff at that location; and ongoing criminal prosecution of Plaintiff involving Defendant Farley; there was no justifiable reason that Defendant Farley and his partner did not announce their entry, or receive consent before entering the unit. The personal search or "frisk" of Plaintiff inside of the property was unlawful as Defendant Farley was under the knowledge, information, and belief that Plaintiff was on location, in the basement, which he allegedly referred to as his "office". Nothing unlawful was observed by the police after entry. "A warrantless home entry is presumptively unconstitutional, but 'exigent circumstances' can excuse the warrant requirement." Kubicki v. Whitemarsh Twp., 270 Fed.Appx. 127, 128 (3d Cir. 2008) (citing Welsh v. Wisconsin, 466 U.S. 740, 749-50, 104 S. Ct. 2091, 80 L. Ed. 2d 732, (1984)). "Exigent circumstances include, but are not limited to, hot pursuit of a suspected felon, the possibility that evidence may be removed or destroyed, and danger to the lives of officers or others." United States v. Coles, 437 F.3d 361, 366 (3d Cir. 2006) (emphasis added).

No warrant issued, nor exigent circumstance existed to justify the officer's entry into the basement. Once in the basement the officers were unlawfully conducting a search of the premises by virtue of the entry and there were no clear and articulable facts to justify the further intrusion of privacy by conducting a "frisk" of Plaintiff. "[W]hen it comes to the Fourth Amendment, the home is first among equals." Florida v. Jardines, 569 U.S., 133 S. Ct. 1409, 1414, 185 L. Ed. 2d 495 (2013). At the "very core" of the Fourth Amendment "stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." Silverman v. United States, 365 U.S. 505, 511, 81 S. Ct. 679, 5 L. Ed. 2d 734 (1961). The fact that there existed history and unresolved legal matters involving Defendant Farley and Plaintiff at the same exact location made this intrusion further egregious.

District Court erred in granting summary judgment of the May 5, 2016 claims of unreasonable search and seizure, in violation of Appellant's Fourth Amendment rights. As it appears in District Courts order; **A. Fourth Amendment Violation for Unreasonable Search and Seizure (Count 6).** Summary judgment was granted on claims arising from the initial frisk on March 1, 2016, and the basement entries on March 1, 2016 **Only**.

## CONCLUSION

WHEREFORE, your movant prays that in light of the above listed reasons, that this Honorable Court finds it in the interest of justice to correct this error, reopen this case and permit the Plaintiff to continue to prosecute the above-captioned civil action or to clarify.

Respectfully Submitted,

Olutokunbo Efunnuga

Date: 9-11-23

## <u>VERIFICATION</u>

I Olutokunbo Efunnuga, declare that all facts stated in the foregoing Motion are true and correct to the best of my knowledge, information and belief, and are subject to the penalties of perjury as provided for in 28 U.S.C. § 1746, for unsworn falsifications.

RESPECTFULLY SUBMITTED,

OLUTOKUNBO EFUNNUGA

DATE: 9-11-23

Olutokunbo Otunnuga
#1192538/957866-G
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327

neopost
09/13/2023
US POSTAGE    $01.59⁰

ZIP 08327
041L11242259

U.S. District Court
601 Market St.
Phila. Pa. 19106-9865
ATTN: Clerk

MAILED FROM
BAYSIDE STATE PRISON

legal Mail